(No. 1603—

Thomas W. Connole, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed December 16, 1930.*

A. B. Johnson, for claimant.

Oscar E. Carlstrom, Attorney General; Carl I. Dietz, Assistant Attorney General, for respondent.

Mr. Justice Thomas delivered the opinion of the court:

Claimant was an employee of the State engaged in construction work on State Bond Issue Route No. 108 near Carrollton. On August 12, 1929, a truck he was driving overturned and the lower part of his left leg and the left foot were badly burned the foot being permanently injured so that he has to wear a brace. The injury necessitated his being taken to a hospital and his hospital and physician's bills, amounting to $1,362.25, were paid by the State. At the time of his injury claimant was earning $21.00 per week. In addition to the hospital and physician's bills of claimant paid by the State he has expended $50.00 for a brace. He was not taken to the hospital for about a month after receiving the injury and during that time he was nursed and cared for by his sister, Margaret Connole. After he was taken to the hospital his mother, Julia Connole, waited upon and nursed him thereby saving the expense of a regular trained nurse. The evidence shows the services of these women were worth $345.00 a sum very much less than would have been required to employ regularly trained nurses. The proof also shows the State paid claimant compensation at the rate of $10.50 per week for about 35 weeks, the total amount paid being $370.50.

Section 3 of the Workmen's Compensation Act specifically provides that the provisions of the act shall apply automatically to the State when engaged in any enterprise or business declared by that section to be extra hazardous. The construction of a paved road is an enterprise or business declared by section 3 of the act to be extra hazardous. (*Van Hoorbeke* v. *State,* 5 Ct. Cl. 337.)

The evidence shows conclusively that claimant's injury arose out of and in the course of his employment and the State is, therefore, liable to pay him the compensation provided for in the act. Item 14 of paragraph (e) of section 8 of the act provides that an employee shall be paid fifty percentum of his average weekly wage during 135 weeks for the permanent and complete loss of the use of a foot. We think the evidence shows that, for all practical purposes, claimant has lost the use of his left foot and is entitled to be compensated therefor as provided in said item 14. One half of his weekly wage is $10.50 which for 135 weeks would be $1,417.50. Of this amount he has already been paid $370.50

leaving due him $1,047.00. We think he should also. be allowed the $50.00 he paid for his brace and the $345.00 the evidence shows the services of his sister and mother were worth. Claimant is therefor allowed an award of $1,442.00 to be paid in a lump sum.